# THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Kelvin Toyo Henry, a/k/a Kevin Toyo Banks, | ) | C/A No. 6:22-3278-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Warden of Greenville County Detention Center, Officer T. Kellett, Tameesha Henry, April Young, Amari Young, Robby Reed, South Carolina, Jonathan J. Garrett, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge, recommending the Court dismiss Plaintiff's complaint. (Dkt. No. 20). Also before the Court is Plaintiff's petition for writ of legal innocence. (Dkt. No. 26). For the reasons stated below, the Court adopts the R & R as the Order of the Court to dismiss this case and deny Plaintiff's motion.

**I.   Background**

Kelvin Toyo Henry ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings the instant action pursuant to 42 U.S.C. § 1983 alleging various Defendants violated his constitutional rights. (Dkt. No. 1). The Magistrate Judge issued an Order that notified Plaintiff the original complaint was subject to summary dismissal and granted Plaintiff twenty-one days to file an amended complaint. (Dkt. No. 9 at 18). On October 17, 2022, Plaintiff filed an amended complaint. (Dkt. No. 12). Attached to the amended complaint are various state criminal and family court proceedings involving Plaintiff. (Dkt. No. 12-1 at 10-21). The amended complaint appears to list the following Defendants: Officer T. Kellett, April Young, Amari Young, Tameesha Henry, Johnathan J. Garrett, Robby Reed, the State of South Carolina, and the Warden of the Greenville

1

County Detention Center ("GCDC"). (Dkt. No. 12 at 1-3). Plaintiff's proposed summons lists: Tamesha Henry, the Sheriff of Simpsonville, Jonathan J. Garrett, April Young, Officer T. Kellett, Shawn Cutting, the State of South Carolina, and Darren Vaughn. (Dkt. No. 13-1).

The amended complaint alleges Defendants violated Plaintiff's First, Fourth, and Fourteenth Amendment rights. (Dkt. No. 12 at 4). Plaintiff alleges he was arrested due to race and sex discrimination and Officers Garrett and Kellett did not respect his religion and interfered with his marriage. (*Id.*). Plaintiff alleges that on June 20, 2020, he was harassed and sexually assaulted by April Young and her daughter at McDonald's. (*Id.* at 5). He alleges that on December 25, 2021, he was shot by his wife Tameesha Henry. (*Id.*). Plaintiff alleges that on January 15, 2022, he slipped and fell and the door and floor were unsafe. (*Id.*). He alleges the guards were aware of it and allowed the door to fall on his chest. (*Id.*). He alleges he hit his head and reopened a wound, but he received no medical support. (*Id.*). Plaintiff alleges the incidents were recorded everywhere. For example, by people in public places, police body cameras, and GCDC security cameras. (*Id.*). Plaintiff wants to be taken to court to provide his side of what happened. (*Id.* at 6). Plaintiff alleges he suffered emotional stress and physical pain from the mistreatment. The Court takes judicial notice of various criminal charges pending against Plaintiff in the Greenville County Court of General Sessions.[1]

---

[1] Plaintiff was charged in the Greenville County Court of General Sessions with the following crimes: pointing and presenting firearms at a person 2020A2320400314; assault and battery, 1st degree 2020A2320400316; criminal sexual conduct with a minor, 3rd degree 2020A2320400317; pointing and presenting firearms at a person 2020A2320400318; assault and battery, 1st degree 2020A2320400319; attempted murder 2021A2330211857; possession of a weapon during a violent crime 2021A2330211858; and attempted murder 2021A2330211859. *See*: https://publicindex.sccourts.org/Greenville/PublicIndex/PISearch.aspx (search by case numbers listed above) (last visited Jan. 5, 2023).

On November 1, 2022, the Magistrate Judge issued an R & R, recommending the Court dismiss Plaintiff's complaint for failure to state a claim. (Dkt. No. 20). Plaintiff filed objections to the R & R. (Dkt. No. 24). On November 28, 2022, Plaintiff filed a petition for writ of legal innocence arguing that he is innocent of the crimes charged against him. (Dkt. No. 26). The matter is ripe for the Court's adjudication.

II. **Legal Standard**

    a. *Pro Se* **Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

    b. **Magistrate Judge**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for

adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). The Plaintiff filed objections to the R & R and the Court reviews the matter *de novo*.

## III.     Discussion

Plaintiff's amended complaint brings a claim pursuant to 42 U.S.C. § 1983 against various Defendants for violating Plaintiff's constitutional rights. To state an actionable § 1983 claim, a Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or the laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1998); *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998).

Upon a review of the pleadings, the Court finds the Magistrate Judge comprehensively analyzed the allegations in the amended complaint asserted against Defendants Tameesha Henry, April Young, Amari Young, and Robby Reed and correctly determined the claims should be dismissed because these Defendants are not alleged to be state actors for purposes of § 1983 liability. (Dkt. No. 20 at 8-9). Plaintiff's claims against these individuals are dismissed.

Plaintiff lists T. Kellett, Jonathan J. Garrett, Shawn Cutting, and Darren Vaughn as Defendant police officers. Upon a review of the pleadings, the Court finds the Magistrate Judge comprehensively analyzed Plaintiff's allegations against these Defendant officers to correctly determine Plaintiff failed to allege facts that plausibly state a claim for relief. Plaintiff alleges Defendants Garrett and Kellett arrested him "due to race" and "sex discrimination." (Dkt. No. 12 at 4). Plaintiff alleges these Defendants did not respect his religion and "separate[d]" his marriage. (*Id.*). Plaintiff alleges Defendant Kellett knew Plaintiff worked at McDonald's, attempted to ambush Plaintiff, and had Plaintiff's supervisor stage an arrest on Plaintiff. (Dkt. No. 12-1 at 3). Plaintiff generally alleges these Defendants deprived him of due process, falsely arrested him,

4

endangered his children, failed to properly investigate, and brought "trumped-up" charges against him." (*Id.* at 2-9).  Plaintiff alleges he is black, has been charged under "Jim Crow" laws, and was treated as a "moder[n] day Emmit Till."  (*Id.* at 7, 9). Plaintiff's claims against these Defendants are dismissed because the factual allegations are conclusory and do not plausibly state a claim for relief.

The Magistrate Judge also considered whether the amended complaint states any claims that Defendant police officers violated Plaintiff's Fourth Amendment rights.  Plaintiff attaches police incident reports and arrest warrants related to the charges pending against him for attempted murder and pointing and presenting a firearm.  (Dkt. No. 12-1 at 10-14, 15-16, 20-21). The Magistrate Judge correctly determined that Plaintiff cannot pursue a § 1983 claim for false arrest in violation of the Fourth Amendment against the Defendant officers in light of these facially valid arrest warrants.  *Porterfield v. Lott,* 156 F.3d 563, 568 (4th Cir. 1998) ("[A] claim for false arrest may be considered only when no arrest warrant has been obtained.").

The Magistrate Judge correctly determined that Plaintiff cannot state a claim for malicious prosecution against the Defendant officers as a matter of law.  "An indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause."  *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012).  The Court agrees with the finding of the Magistrate Judge that to the extent Plaintiff asserts a claim for malicious prosecution, any such claim fails because he has not alleged the underlying criminal proceedings terminated in his favor, and the indictments related to the charges pending against him in the Greenville Court of General Sessions establish the prosecution is supported by probable cause. (Dkt. No. 20 at 11).

Plaintiff names the Warden of GCDC as a Defendant and appears to sue him in a supervisory capacity.  The Magistrate correctly determined that to the extent Plaintiff's claims are based on

supervisory liability, they must be dismissed because the doctrine of respondeat superior is generally not applicable in § 1983 actions and Plaintiff has alleged no facts to establish supervisory liability for a constitutional injury inflicted by a subordinate. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999).

The Magistrate Judge correctly determined that with regard to the remaining individuals listed in the amended complaint, Plaintiff failed to allege factual allegations about their personal involvement to support a cognizable § 1983 claim. Plaintiff lists remaining Defendants in the caption and makes vague allegations about the injuries he allegedly suffered that are insufficient to state a § 1983 claim. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.")

The Magistrate Judge comprehensively analyzed all remaining claims in the amended complaint. The Magistrate Judge correctly determined that to the extent Plaintiff attempts to bring a claim for deliberate medical indifference concerning his allegations of being shot and slipping and falling, he fails to state a claim because the amended complaint does not allege any personal involvement of any individual responsible for his medical treatment. (Dkt. No. 20 at 13-14).

Last, the Magistrate Judge properly considered whether the Court should abstain from hearing Plaintiff's claims related to his pending state court criminal charges to correctly determine that the abstention is warranted. (Dkt. No. 20 at 14-17). At the heart of Plaintiff's claims appears to be a challenge to the charges pending against him in the Greenville County Court of General Sessions. (Dkt. No. 12-1); (Dkt. No. 26). Plaintiff also appears to challenge his current detention in GCDC. (Dkt. No. 12-1 at 5).

To the extent Plaintiff seeks for the Court to award him relief for alleged constitutional violations related to his pending criminal charges, or any claim that he is innocent of the crimes charged, the Court may not hear such claims as it would require the Court to interfere with pending criminal state charges against Plaintiff.  A federal court may not award relief that would affect pending state proceedings absent extraordinary circumstances.  *Younger v. Harris*, 401 U.S. 37 (1971); *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (en banc).  Court of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief.  *Younger*, 401 U.S. at 43-44.  The Fourth Circuit has set forth the following test to determine when abstention is appropriate: (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings."  *Martin v. Marietta Corp. v. Md. Comm'n on Human Rels.*, 38 F.3d 1392, 1396 (4th Cir. 1994).

Upon consideration of the pleadings, the Court agrees with the finding of the Magistrate Judge that the elements of abstention are met in this case and ruling in Plaintiff's favor would interfere with ongoing state criminal proceedings against him.  (Dkt. No. 20 at 15); *Younger*, 401 U.S. at 43-45; *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989); *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).

In addition, The Magistrate Judge correctly determined that to the extent Plaintiff seeks relief from custody in GCDC, such relief is not available in the instant civil rights action.  *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of 42 U.S.C. § 1983).

The Court overrules Plaintiff's objections. (Dkt. No. 24). Plaintiff's objections do not challenge a particular portion of the R & R nor the substance of the Magistrate Judge's analysis. Instead, Plaintiff includes additional conclusory statements about various Defendants: Officer Kellett, April Young, Shawn Cutty, "Officer in Greenville", and Johnathan J. Garrett. (*Id.*).

### IV. Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R as the Order of the Court to dismiss this action pursuant to 28 U.S.C. § 1915 and § 1915A without leave to amend and without issuance and service of process. (Dkt. No. 20). Plaintiff's petition for writ of legal innocence is **DENIED**. (Dkt. No. 26).

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

January 6, 2023
Charleston, South Carolina